UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:15-CV-00058-HBB

MURRAY L. CARTER                                                              PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Plaintiff's counsel moves the Court, pursuant to 42 U.S.C. § 406(b), for authorization of attorney fees in the total amount of $4,628.00 for representation of Plaintiff before the Court (DN 23, DN 29-4 PageID # 2106). Defendant, Andrew Saul, Commissioner of Social Security ("Commissioner"), suggests that a reduction in the requested fee is warranted to avoid counsel receiving an unreasonable windfall (DN 24). At the Court's direction (DN 25)[2], the parties have submitted supplemental memoranda addressing whether the amount sought constitutes an inappropriate windfall (DN 26, 29, 30). For the reasons that follow, the motion will be granted in part and denied in part.

---

1 Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

2 Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11).

**FINDINGS OF FACT**

On April 24, 2015, Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1). The Commissioner filed an answer and a copy of the administrative record (DN 10, 11). Plaintiff filed a Fact and Law Summary setting forth his challenges to the final decision of the Commissioner (DN 14). Thereafter, the Commissioner filed a Fact and Law Summary (DN 19). The Court issued a memorandum opinion and order reversing the final decision of the Commissioner and remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (DN 20). The judgment was entered on April 15, 2016 (DN 21).

In a Plaintiff-favorable decision dated June 15, 2018, an Administrative Law Judge awarded Social Security Disability benefits (Affidavit of Counsel DN 29-4 PageID # 2104). The Notice of Award dated October 9, 2018, announced that past-due benefits had been awarded to Plaintiff for December 2012 through August 2018 (DN 23-1 PageID # 2049, 2050).

Of the past-due benefits awarded, the Social Security Administration (SSA) withheld $13,178.00 (25%) for direct payment of attorney fees pursuant to the terms of the contingency fee agreement between Plaintiff and the law firm Rhoads & Rhoads, PSC (DN 23-1 PageID # 2044, 2053, 2057; DN 29-4 PageID # 2105). The SSA has already authorized and separately paid three attorneys in the Rhoads law firm[3] a total of $8,550.00 for their representation of Plaintiff before the Commissioner (DN 29-4 PageID # 2105). Thus, $4,628.00 remains of the past-due benefits withheld for direct payment of attorney fees (Id.).

---

3 The three attorneys are Bradley P. Rhoads, Sara Martin-Diaz, and Leigh Rhoads Doyal (DN 29-4 PageID # 2105-06).

Originally, attorney Bradley P. Rhoads filed the motion for authorization of attorney fees, a supporting affidavit, and an itemization of 35.25 hours of time that he and staff in the law office expended on Plaintiff's case before the Commissioner and the Court (DN 23). However, in a letter dated July 10, 2019, Defendant expressed concerns about the identity of the attorney who actually performed the work before the Court and the accuracy of time sheet submitted to the Court (DN 29-1). Specifically, the letter pointed out that time sheets submitted to the Social Security Administration indicated Ms. Martin-Diaz, not Mr. Rhoads, had worked on the case before the Court and she reported four hours, not six, were expended for the preparation and filing of the memorandum of law with the Court (DN 29-1 PageID # 2099).

The letter prompted attorney Sara Martin-Diaz to file an addendum that includes a supplemental memorandum, an amended time sheet, and an affidavit from her (DN 29). Ms. Martin-Diaz confirmed that she, not Mr. Rhoads, performed all work before the Court (DN 29 PageID # 2094-95; DN 29-4 PageID # 2106). Further, she confirmed that she expended four, not six, hours preparing and filing the memorandum of law, thereby reducing from 7.25 to 5.25 the total hours she expended before the Court (DN 29-3 PageID # 2103, DN 29-4 PageID # 2106). Ms. Martin-Diaz's affidavit indicates she performed an additional four hours of work preparing and filing the motion for attorney fees and all related materials (DN 29-4 PageID # 2106). Ms. Martin-Diaz seeks an award of $4,628.00 for representing Plaintiff before the Court (Id.).

## CONCLUSIONS OF LAW

Ms. Martin Diaz argues the Court should approve her request for $4,628.00. This amount constitutes what remains of the 25% of past-due benefits withheld by the SSA for direct payment of attorney fees under the terms of the contingency fee agreement. The Commissioner,

3

representing the interests of Plaintiff whose back benefits pay for the fees, opposes this sum because counsel will receive a "windfall" considering her level of experience and the limited number of hours she expended before the Court. S*ee* Gisbrecht v. Barnhart, 535 U.S. 789, 798 n. 6 (2002) (recognizing the Commissioner acts much like a trustee for the claimant in the fee determination).

When a district court renders a judgment favorable to a claimant seeking Social Security Disability Insurance Benefits, 42 U.S.C. § 406(b) permits it to award "a reasonable [attorney's] fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment," payable out of the claimant's past-due benefits.[4] 42 U.S.C. § 406(b)(1)(A); Lasley v. Comm'r of Soc. Sec., 771 F.3d 308, 309 (6th Cir. 2014); Allan v. Commissioner, No. 10-11651, 2014 WL 1818110, at *1 (E.D. Mich. May 7, 2014). A judgment issued by a federal court either awarding benefits or remanding the matter to the Commissioner may be considered "favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. Nolan v. Comm'r of Soc. Sec., No.

---

4 The statute reads as follows:

>  (b) Fees for representation before court
>
>  (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

4:11-CV-5, 2013 WL 5937908, at *1 (E.D. Tenn. Nov. 5, 2013) (*citing* Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006)).

Here, the Court rendered a judgment favorable to Plaintiff because: (1) it remanded his case to the Commissioner (DN 20, 21); and (2) he was awarded Social Security Disability Benefits by reason of the judgment. Having determined the prerequisite satisfied, the Court will address counsel's request for a fee payable out of Plaintiff's past-due benefits.

Notably, 42 U.S.C. § 406(b)(1)(A) imposes a 25% cap on past due benefits and a requirement that courts determine the "reasonableness" of the fee up to that ceiling. Lasley, 771 F.3d at 309; Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989). While the 25% cap serves as a starting point for the Court's evaluation, it should not be considered *per se* reasonable. *See* Lasley, 771 F.3d at 309; Rodriquez, 865 F.2d at 746.

As mentioned above, Plaintiff and the Rhoads law firm executed a fee agreement (DN 23-1 PageID # 2057). Due deference should be given to their expressed intentions in the agreement. *See* Rodriquez, 865 F.2d at 746. But the Court is not bound by the fee agreement, s*ee* Rodriquez, 865 F.2d at 746 (citations omitted), because it is tasked with assuring the fee authorized is reasonable for the services rendered. S*ee* Gisbrecht, 535 U.S. at 807[5].

If a court decides not give effect to the terms of the fee agreement, it should identify the deductions being made and articulate the reasons for doing so. *See* Lasley, 771 F.3d at 309-10 (citing Gisbrecht, 535 U.S. at 808); Rodriquez, 865 F.2d at 746. Generally, deductions for large

---

5 The Supreme Court has instructed, "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted)).

fees fall into two categories: (1) those caused by counsel's improper conduct or ineffectiveness; and (2) "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." Rodriquez, 865 F.2d at 746-47. Where none of the above reasons applies, an agreement for a 25% fee is presumed reasonable. Hayes, 923 F.2d at 421.

In pertinent part, the contingency fee agreement between Plaintiff and the Rhoads law firm provides that counsel shall "receive a fee equal to **25% of past-due benefits . . . or Six Thousand Dollars (6,000.00), whichever is less** . . . **(pursuant to section 206(a) (2) (A) or [sic] the Social Security Act)**" (DN 23-1 PageID # 2057). The agreement adds that if Plaintiff is awarded benefits after a remand by the Appeals Council or the United States District Court, counsel "may petition the Social Security Administration for approval to charge a fee not in excess of twenty-five per cent (25%) of all past-due benefits" (Id.).

Of the back benefits awarded to Plaintiff, the SSA withheld 25% or $13,178.00 for direct payment of attorney fees pursuant to the terms of the contingency fee agreement. From that sum, the Commissioner has already awarded a total of $8,550.00 to three attorneys in the Rhoads law firm[6] for their representation of Plaintiff in the administrative proceedings.[7] *See* 42 U.S.C. § 406(a)(2)(A); Horenstein v. Sec'y of Health & Human Servs., 35 F.3d 261, 262 (6th Cir. 1994) (the Commissioner addresses fee requests for services performed before the Commissioner).

---

6 The attorneys are Bradley P. Rhoads, Sara Martin-Diaz, and Leigh Rhoads Doyal (DN 29-4 PageID # 2105-06).

7 The Commissioner may award a fee specified in a contingency fee agreement provided it does not exceed the lesser of 25 percent of past-due benefits or $6,000.00. *See* 42 U.S.C. § 406(a)(2)(A) and 74 Fed. Reg. 6080 (increased the amount from $4,000.00 to $6,000.00 effective June 22, 2009).

Thus, $4,628.00 is all that remains of the 25% in back benefits withheld for direct payment of attorney fees pursuant to the terms of the contingency fee agreement.

Ms. Martin-Diaz is asking the Court to award her a fee of $4,628.00. She encourages the Court to: give effect to the fee agreement's expressed intention that the law firm receive a fee equal to 25% of the back benefits; consider the estimated 35.25 hours total time the law firm devoted to representing Plaintiff; the 5.25 hours of work she devoted to representing Plaintiff before the Court; and the additional four hours of work she has devoted to preparing/filing the motion for attorney fees and supplemental memoranda filed with the Court.

The Commissioner objects to the fee request because he believes Ms. Martin-Diaz will receive a windfall considering the limited number of hours she expended before the Court and her level of experience at that time. Notably, the Commissioner is not alleging the windfall arises out of a minimal effort by counsel (*e.g.*, submitting boilerplate pleadings) before the Court. Instead, the Commissioner claims the requested fee is *per se* unreasonable because $4,628.00 divided by 6 hours translates to a hypothetical hourly rate of $771.33 (DN 30 PageID # 2111).

In reply, counsel argues the requested fee is not unreasonable merely because $4,628.00 divided by 8 hours results in a hypothetical hourly rate of $578.50 (DN 26 PageID # 2086). She contends a standard hourly rate of $395.00 should be used when the Court assesses the reasonableness of her fee request because it adequately takes into consideration the risks of representing clients on a contingent fee basis and regularly charged hourly rates for this type of representation. See Sykes v. Comm'r of Soc. Sec., 144 F. Supp. 3d 919, 925-26 (E.D. Mich. 2015)). Counsel claims a windfall will not occur because the $578.50 hypothetical hourly rate is less than twice the standard rate for such work. See Hayes, 923 F.2d at 422. Additionally, she

asserts the Equal Access to Justice Act ("EAJA") rate should not be used as the standard rate for such work because it is artificially capped at $165.00 (DN 26 PageID # 2085-86).

The Court observes that calculating the hypothetical hourly rate of the fee requested is one way of assessing "whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" Hayes, 923 F.2d at 421-22 (quoting Rodriquez, 865 F.2d at 746). Notably, in Hornstein the Sixth Circuit overruled the single tribunal rule established in Webb v. Richardson, 472 F.2d 529, 536 (6th Cir. 1972) and held that each tribunal may award fees only for the work done before it. 35 F.3d at 262-63. Thus, the Court will not consider the number of hours expended in the administrative proceedings in calculating the hypothetical hourly rate.

Additionally, the time spent preparing and filing a motion for attorney fees is not compensable under 42 U.S.C. § 406(b). See Ballatore v. Comm'r of Soc. Sec., No. 11-15335, 2015 WL 5830836, at *10 (E.D. Mich. Aug. 5, 2015); Fee v. Astrue, No. 06-CV-14473, 2009 WL 91297, at *1 (E.D. Mich. Jan. 14, 2009) (citations omitted); Stocks v. Sullivan, 717 F. Supp. 397, 400-01 (E.D. N.C. 1989) (under Fourth Circuit precedent, time spent in preparation of the fee petition is not compensable); Snizaski v. Heckler, 602 F.Supp. 1119, 1122 (W.D. Pa. 1985) (explaining that such time is non-compensable under § 406(b) because it "does not benefit the claimant"). These cases are consistent with § 406(b), which authorizes a fee for representation of a claimant before the court. See Gisbrecht, 535 U.S. at 794-95. Thus, the Court will not consider the four hours Ms. Martin-Diaz expended in preparing and filing the motion for attorney fees and related supplemental materials in calculating the hypothetical hourly rate.

The contemplated fee amount of $4,628.00 must be divided by the 5.25 hours Ms. Martin-Diaz expended while representing Plaintiff before the Court. *See* Hayes, 923 F.2d at 422. This yields a hypothetical hourly rate of $881.52.

In Hayes, the Sixth Circuit commented that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." 923 F.2d at 422 (footnotes in text omitted). The Sixth Circuit instructed "a multiplier of 2 is appropriate as a floor in light of indications that Social Security attorneys are successful in approximately 50% of the cases they file in the courts." Id. The Sixth Circuit noted "[w]ithout a multiplier, a strict hourly rate limitation would ensure that Social Security attorneys would not, averaged over many cases, be compensated adequately." Id. (citations omitted). The Sixth Circuit then explained:

> A calculation of the hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriguez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriguez*'s windfall rule for "minimal effort expanded," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.
>
> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what portion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expanded." . . .

Hayes, 923 F.2d at 422 (quoting Rodriguez, 865 F.2d at 746). A hypothetical hourly rate that is twice the standard rate is often referred to as the Rodriguez floor.

Before conducting the above analysis, the Court must first determine what the standard hourly rate is for such work in the relevant market. *See* Hayes, 923 F.2d at 422. The relevant market is where counsel filed this action, the Owensboro Division of the Western District of Kentucky. *See* Lasley, 771 F.3d at 310 (relied on the standard rates in the division where the services were rendered). Counsel has not submitted an affidavit, from herself or from another attorney, identifying the standard rate in the relevant market for the type of work she performed before the Court (*see* DN 22, 25). Counsel has recommended the Court use the $395.00 standard hourly rate in Sykes. But the district court in Sykes addressed services performed in the Eastern District of Michigan, Southern Division, and relied on the 95th percentile figure for hourly billing rates of public benefits lawyers in Michigan. *See* 144 F. Supp. 3d at 919, 924-27. Inasmuch as the determination in Sykes applies to a different market, the Court declines to use that standard hourly rate here.

The Court has found only one case from the Western District of Kentucky that involves an award for attorney fees under 42 U.S.C. § 406(b). *See* Coulter v. Colvin, No. 1:13-CV-00011-LLK, 2014 WL 4851769, at *3 (W.D. Ky. Sept. 29, 2014). In that case, the attorney's fee request involved a hypothetical hourly rate of $290.00 per hour, or twice her standard hourly rate of $145.00. Id. The court considered counsel's statement that $145.00 is standard for such work in the south-central Kentucky area, the rate charged by attorneys under the EAJA, and the rate it had approved under the EAJA with adjustments for costs of living since the EAJA was passed. Id. Noting that a fee request under § 406(b) is deemed reasonable if it reflects no more than

twice the standard hourly rate in the relevant market, the court awarded counsel a fee of $5,176.50 for 17.85 hours of work which is a hypothetical hourly rate of $290.00. Id. Thus, although not expressly stated, the Coulter court apparently deemed $145.00 the standard hourly rate for such work in the relevant market.

For guidance, the Court has also reviewed several cases from the Eastern District of Kentucky. In most of those cases, the EAJA rate was deemed the standard hourly rate. *See* Amburgey v. Colvin, No. 5:08-335-DCR, 2016 WL 2859611, at *4 (E.D. Ky. May 16, 2016) (utilized EAJA rate of $125.00 per hour as standard rate); Layne v. Colvin, No. 5:13–363–DCR, 2015 WL 5174025, at *2 (E.D. Ky. Sept. 2. 2015) (utilized EAJA rate of $125.00 per hour as standard rate); Whisman v. Astrue, No. 07–122–GWU, 2008 WL 5173466, at *3 (E.D. Ky. Dec. 10, 2008) (utilized EAJA rate of $125.00 per hour as standard rate); Rose v. Astrue, No. 05-254-GWU, 2008 WL 269055, at *2 (E.D. Ky. Jan. 30, 2008) (utilized EAJA rate of $125.00 per hour as standard rate). The courts then used the EAJA rate as a starting point in the analysis. For example, in Amburgey, the district court considered the level of difficulty and length of time the attorney expended and concluded the fee should be adjusted upward from the Rodriquez floor. 2016 WL 2859611, at *4-5. Although the court found counsel's fee request which involved a hypothetical hourly rate of $981.06 was much too high, it concluded an hourly rate of $500.00 was more than appropriate under the circumstances. Id.

In Whisman, the district court adjusted the fee upward from the Rodriquez floor, noting that counsel's brief resulted in the Commissioner moving to remand. 2008 WL 5173466, at *3-4. The attorney in Whisman received a fee award of $9,558.20 for 26.10 hours of work which is a hypothetical hourly rate of $366.21. Id.

In Rose, the district court noted when twice the EAJA rate ($250.00) is multiplied by counsel's 52.35 hours of work the result was a "floor" figure of $13,087.50. 2008 WL 269055, at *2. The district court then adjusted the award upward after considering counsel's years of experience, his tenacious advocacy, his excellent 51-page brief with medical exhibits, and the 50 hours counsel expended before the Commissioner moved to remand. Id. The Rose court awarded counsel a fee of $16,005.25 for 52.35 hours of work which is a hypothetical hourly rate of $305.73. Id.

In contrast to the above cases, one district court in the eastern district deemed the EAJA rate too low and applied a higher standard rate of $350.00 per hour. Lockridge v. Astrue, No. 04–499–JBC, 2009 WL 127668, at *2-3 (E.D. Ky. Jan. 16, 2009). The court found the higher standard hourly rate justified by counsel's background and experience. Id. The court awarded a fee that resulted in a hypothetical hourly rate of $700.00. Id. at *8.

This Court has previously determined that $140.00 per hour is the prevailing market rate for EAJA fee claims in the Owensboro Division of the Western District of Kentucky. *See e.g.*, Coursey v. Colvin, No. 1:15-CV-00005-HBB, 2016 WL 1090622, at *3 (W.D. Ky. Mar. 18, 2016). Following the reasoning of a majority of courts in the Eastern and Western Districts of Kentucky, the EAJA rate of $140.00 per hour will be utilized as the standard rate in the analysis. This means a hypothetical hourly rate that is less than twice the standard rate, or $280 per hour, is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable. Hayes, 923 F.2d at 422. Because counsel's fee request involves a hypothetical hourly rate that is above the $280 per hour floor, the Court in assessing the reasonableness of the requested fee will consider factors such as the time and labor involved, the

skill required, the amount involved, the experience and ability of the attorney, and awards in similar cases.  *See* Rose, 2008 WL 269055, at *3.

While the courts in Amburgey and Lockridge awarded fees with hypothetical hourly rates of $500.00 and $700.00 respectively, those attorneys had substantially more experience than Ms. Martin-Diaz.  While the courts in Whisman and Rose made fee awards that involved hypothetical hourly rates of $366.21 and $305.73 respectively, that was more than ten years ago.

Here, Ms. Martin-Diaz submitted a five-page complaint tailored to the unique facts of the case (DN 1).  Counsel filed a thirteen-page memorandum that contains detailed arguments with comprehensive citations to supporting medical evidence in the administrative record and the applicable law (DN 19).  Ms. Martin-Diaz's memorandum prompted the Court to reverse the final decision of the Commissioner and remand the matter pursuant to sentence four of 42 U.S.C. § 405(g) because she demonstrated that ALJ Gaughen's assignment of weight to key medical opinions in the record was not supported by substantial evidence in the record (DN 20, 21).  But, as Defendant aptly points out, Ms. Martin-Diaz had less than a year of experience when she filed the complaint[8] (DN 30 PageID # 2118).  By the time she filed the Fact and Law Summary on November 24, 2015, she only had a year of experience (DN 14).  The Court has considered Ms. Martin-Diaz's exemplary level of representation and her limited time practicing law and concludes that an award of $4,628.00 will result in an unreasonable windfall because she will be compensated at a hypothetical hourly rate of $881.52 ($4,628.00 divided by 5.25 hours).

---

8 Ms. Martin-Diaz was admitted to the Kentucky bar in 2014.  https://www.rhoadsandrhoads.com/attorney-profiles/sara-j-martin/

The Court recently determined as to Ms. Martin-Diaz that a hypothetical rate of $420.00 per hour represented the maximum fee that would not constitute a windfall under the circumstances. See Kishbaugh v. Comm'r of Soc. Sec., No. 4:17-CV-00107-HBB, 2019 WL 3483163, at *6 (W.D. Ky. July 31, 2019). But Ms. Martin-Diaz had three years of experience when she represented Kishbaugh before the Court. When she represented Plaintiff before the Court she had substantially less experience. Thus, a lower hypothetical hourly rate would be appropriate given the circumstances that existed when Ms. Martin-Diaz represented Plaintiff. Accordingly, the fee award will be adjusted upward from the Rodriquez floor of $1,470.00 (5.25 x 280.00 per hour) to a total of $1,837.50 which results in a hypothetical hourly rate of $350.00.

## ORDER

**IT IS HEREBY ORDERED** that attorney Sara Martin Diaz's motion for attorney's fees under 42 U.S.C. § 406(b) (DN 26) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS FURTHER ORDERED** that attorney Sara Martin Diaz is awarded a fee for legal services, under 42 U.S.C. § 406(b), in the amount of $1,837.50. The Commissioner shall pay attorney Sara Martin Diaz from Plaintiff's past-due benefits being withheld for payment of attorney fees.

September 3, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to: Counsel of Record